UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA SAINSBURY,
         Plaintiff,                      DECISION & ORDER
                                                      18-CV-0513-JWF

     v.

COMMISSIONER OF SOCIAL SECURITY,
         Defendant.
_____

## Preliminary Statement

Lisa Sainsbury ("plaintiff" or "Sainsbury") brings this action pursuant to 42 U.S.C. §§ 405(g), 1383(c) of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 11, 14. For the reasons that follow, plaintiff's motion for judgment on the pleadings (Docket # 11) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 14) is **denied**.

## Procedural History and Factual Background

Plaintiff filed her applications for DIB on April 23, 2014, and for SSI on May 5, 2014, alleging disability beginning March 15, 2014. See AR at 193-200. Plaintiff, her attorney, and a vocational expert appeared before the Administrative Law Judge ("ALJ") Benjamin Chaykin on August 15, 2016 for an administrative

1

hearing. AR at 38-84. The ALJ issued an unfavorable decision on September 21, 2016. AR at 15-25. Plaintiff timely filed a request for review by the Appeals Council. The Appeals Council denied plaintiff's request for review on March 5, 2018, making the ALJ'S decision the final decision of the Commissioner. AR at 1-7. Plaintiff then commenced this appeal.[1]

## Discussion

<u>Plaintiff's Residual Functional Capacity</u>: Plaintiff, a 36-year-old woman at the time of her hearing, alleged disability for bipolar disorder, depression, anxiety, and chronic headaches. See AR at 87-88. She also had subjective complaints of neck pain stemming from an August 2013 accident in which she fell off her bike when the back tire was struck by a car. AR at 43, 310. Plaintiff underwent cervical fusion surgery in January 2016. AR at 515. The ALJ determined that plaintiff's "migraines, degenerative disc diseases (cervical spine, s/p fusion surgery), affective, and anxiety disorder" were severe impairments. AR at 18. The ALJ found that plaintiff can perform light work except she can only occasionally stoop, crouch, kneel, balance, and crawl;

---

[1] For purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence, the ALJ's decision, and the standard of review, which requires that the Commissioner's decision be supported by substantial evidence. See Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed), cert. denied, 551 U.S. 1132 (2007).

2

must avoid exposure to dangerous machinery or unprotected heights; and is "limited to performing simple tasks, but not at a production rate pace or strict quota, in a static work environment, with few changes in the work setting." AR at 20.

The ALJ's Duty to Develop the Record: There are certain legal principles and analytical standards that this Court is required to apply in reviewing the decision of the ALJ. One of them is making sure the ALJ met his obligation to adequately develop the medical record to ensure fair consideration of the disability claim. Plaintiff here contends that the ALJ erred in making his decision finding her not disabled because he failed to develop the record to obtain treatment notes from plaintiff's treating doctors. I agree.

An ALJ is required to develop a claimant's complete medical history.

> Social Security proceedings are inquisitorial rather than adversarial." Sims v. Apfel, 530 U.S. 103, 110-11 (2000). Consequently, "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants ... affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted). As part of this duty, the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." Sims, 530 U.S. at 111. Specifically, under the applicable regulations, the ALJ is required to develop a claimant's complete medical history. Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.1512(d)-(f)). This responsibility "encompasses not only the duty to obtain a claimant's medical records and reports but also the duty to question the claimant

3

> adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity." Pena v. Astrue, No. 07-CV-11099 (GWG), 2008 WL 5111317, at *8 (S.D.N.Y. Dec. 3, 2008) (citations omitted).
>
> Whether the ALJ has met his duty to develop the record is a threshold question. Before reviewing whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g), "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the administrative record." Scott v. Astrue, No. 09-CV-3999 (KAM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (quoting Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)); see also Rodriguez v. Barnhart, No. 02-CV-5782 (FB), 2003 WL 22709204, at *3 (E.D.N.Y. Nov. 7, 2003) ("The responsibility of an ALJ to fully develop the record is a bedrock principle of Social Security law.") (citing Brown v. Apfel, 174 F.3d 59 (2d Cir. 1999)). The ALJ must develop the record even where the claimant has legal counsel. Perez, 77 F.3d at 47. Remand is appropriate where this duty is not discharged. See, e.g., Moran, 569 F.3d at 114-15 ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision.").

Craig v. Comm'r of Soc. Sec., 218 F. Supp. 3d 249, 261-62 (S.D.N.Y. 2016). The duty to develop the plaintiff's medical record is particularly important in cases where "the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed," Correale-Englehart v. Astrue, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996)), or where there is an "obvious gap" in the record. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999)

4

("[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.").

As a threshold matter here, I find that the ALJ did not adequately develop the record regarding plaintiff's medical history. At the hearing, plaintiff's counsel informed the ALJ that treatment records from Western New York Medical Group ("WNYMG") were missing from the record. AR at 42. The treatment notes from WNYMG were those of plaintiff's primary and psychiatric treatment providers. See Pl.'s Mot. for J. on Pleadings (Docket # 11), at 10. Counsel also told the ALJ that she was struggling to acquire the records and that assistance from the ALJ in getting them would be appreciated. AR at 41-42. While the ALJ held the record open for ten days, no additional records were received from WNYMG.

It does not appear from the record that the ALJ followed up with counsel about the missing WNYMG records, or that the ALJ independently attempted to obtain the missing medical records from plaintiff's treatment providers. Accordingly, the ALJ did not make the requisite "reasonable effort" to affirmatively develop the record and obtain missing information that he was aware was not in the record. See 20 C.F.R. § 404.1512(b) (stating that the Social Security Administration agency must make "every reasonable effort" to obtain all medical evidence including an initial request

5

for records and a follow-up request within ten to twenty days if records are not received); Sotososa v. Colvin, No. 15-CV-854-FPG, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) (holding that where there was "no evidence that the ALJ followed up with Sotososa's counsel or attempted to obtain the missing records himself [] [t]he ALJ did not satisfy his duty to develop the record just because he told Sotososa's attorney to obtain the missing records." (collecting cases)).

The ALJ's decision pays tribute to the fact that the failure to obtain these records was not harmless. Indeed, the ALJ explicitly relied on "claimant's sparse medical treatment from the middle of 2014 until late 2015" to discount plaintiff's credibility with respect to the severity of her neck and migraine impairments. AR at 22. In a similar case involving gaps in treatment records, Chief Judge Geraci recently found remand was appropriate to fully develop the record. See Petersen v. Comm'r of Soc. Sec., No. 18-CV-6143-FPG, 2019 WL 2051650, at *4 (W.D.N.Y. May 9, 2019) ("After the hearing, the ALJ left the record open and later provided an extension of time to the representative. But the ALJ never took any independent steps to develop the record. He did not attempt to obtain the records himself or even follow up with the representative to determine the status of the request or warn him that a decision would be made without the records. More is required from the ALJ." (internal citations omitted)). For the same

reasons, remand is required here so that plaintiff's disability application can be determined on a complete medical record.

## Conclusion

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 11) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 14) is **denied**. The case is remanded for further proceedings consistent with this opinion.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2019
Rochester, NY